## SUPERIOR COURT.

### JUNE, 1835.

### CORAM OAKLEY, J.

JACOB WESTERVELT, Sheriff, &c., *against* JOHN M. JAC-
QUELIN.

Where goods, levied on by the sheriff, have been carried off by a third per-
son, and sold for their full value and the proceeds received by him, the
sheriff cannot affirm such sale, and recover in an action for money had and
received, but must proceed in trover or trespass.

ASSUMPSIT for money had and received.

Langlois, in June, 1834, recovered judgment against
Scheltema *et ux*, in this court, and, upon a *fi. fa.* issued to
the plaintiff, sheriff of New York, on the same, he levied
on the property of Scheltema and his wife. A few days
after the levy, the defendant (who had been, in the mean-
time, appointed receiver of the property of Scheltema and
his wife, upon proceedings in chancery between them and a
certain creditor, under a mortgage,) took possession of said
goods, so levied on by the sheriff, and sold them.

*Cutting*, for defendant, insisted that an action for money
had and received, would not lie; that the plaintiff's reme-
dy was in trover.

Westervelt v. Jacquelin.

*Anthon e con.* The title to the property is in the sheriff, by the levy, who may proceed civilly or criminally, as the case may require, against persons depriving him of the possession. *Dillenback* v. *Jerome*, 7 Cow. 297 ; *Barker* v. *Miller*, 6 Johns. 197 ; *Palmer* v. *The People*, 10 Wend. 165. The sheriff might have brought trover or trespass in this case. The goods having brought their full price, when sold by defendant, he has thought fit to waive the tort and bring the present action. *Welbraham* v. *Snow*, 2 Saund. 47 ; *Sawle* v. *Painter*, 1 D. & R. 307.

OAKLEY, J. I do not think the present action maintainable. I shall, therefore, direct the jury to find for the defendant.

Verdict for defendant.

Upon an application to set aside this verdict, the court refused the motion, and ruled

1. That there could be no doubt but that the sheriff, by his levy, acquired a special property, but that this was limited in extent to the duty he had to perform under the execution.

2. That, when his possession is disturbed, his remedy is in trespass or trover. That, being bound by the execution to sell according to law, he must perform this duty strictly, the defendant being as much interested in it, by reason of the surplus which would come to him, as the plaintiff, and, therefore, an affirmance of a sale, made by a third party, would necessarily be an act of the plaintiff done without consulting the defendant.

3. That where the sale could be considered the act of an

21

agent, then the sheriff might affirm.   That such was the case in 1 D. & R. 307, where assumpsit was held to lie.

*Ellingwood* and *Anthon*, for plaintiff.